UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN DAVIS
a/k/a GREGORY MILLER,

    Petitioner,

-vs-                                                    Case No. 8:04-cv-0989-T-27TGW

JAMES R. MCDONOUGH[1], et al,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging his 1998 convictions for armed burglary and aggravated assault entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondents filed a response to the petition (Dkt. 11), and Petitioner has filed a reply thereto (Dkt. 14). The matter is now before the Court for consideration of the merits of the petition.

### Background

On May 18, 1998, the Petitioner was charged with armed burglary and two counts of aggravated assault (Dkt. 7, Ex. 6, Vol. I. at 19-21). Petitioner proceeded to trial, was found guilty

---

[1] James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James v. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

as charged, and on December 14, 1998, was adjudicated guilty in accordance with the verdicts, sentenced as a habitual felony offender to life in prison for the armed burglary, and concurrent prison terms of 10 years were imposed on each of the remaining counts (Dkt. 7, Ex. 6, Vol. I. at 61-73).

Petitioner appealed his judgment, but on November 17, 1999, the state appellate court per curiam affirmed (Dkt. 7, Ex. 3). *See Davis v. State*, 747 So.2d 938 (Fla. 2d DCA 1999)[table].

On September 28, 2000, Petitioner filed a 3.850 motion for postconviction relief (Dkt. 7, Ex. 7, Vol. I. at 8-107). On May 21, 2001, the state trial court summarily denied a number of Petitioner's claims and directed a response by the state to the remaining claims (Dkt. 7, Ex. 7, Vol. I. at 128-162). Petitioner was afforded court-appointed collateral counsel with the public defender's office, and an evidentiary hearing was held May 16, 2002 on the remaining grounds (Dkt. 7, Ex. 7, Vol. II. at 243-319). A written final denial was rendered June 20, 2002 (Dkt. 7, Ex. 7, Vol. II. at 169-231). Petitioner filed a pro se "motion to vacate evidentiary hearing and conduct a new hearing with conflict-free counsel," which was denied on May 16, 2003 (Dkt. 7, Ex. 7, Vol. II. at 232-236).

Petitioner appealed and argued that the state trial court erred by not granting him a new evidentiary hearing; Petitioner claimed that the attorney appointed to represent him at the evidentiary hearing had a conflict of interest (Dkt. 7, Ex. 14). He also argued that the state trial court erred in finding relief was not warranted on his claim that counsel was ineffective for not requesting jury instructions on two lesser-included offenses (Id.). On January 9, 2004, the appellate court affirmed without written decision (Dkt. 16). *See Davis v. State*, 869 So.2d 550 (Fla. 2d DCA 2004)[table]. The mandate issued February 4, 2004 (Dkt. 18).

Petitioner filed his request for federal habeas relief on April 25, 2004,[2] asserting three claims for relief:

1. Trial counsel was ineffective for failing to investigate the victim's bank records;

2. The post-conviction court erred by refusing to grant a new evidentiary hearing with conflict-free counsel;

3. Trial counsel was ineffective for failing to request jury instructions on two lesser included offenses.

(Dkt. 1). Respondents acknowledge that the petition is timely but argue that it should be denied because Petitioner has failed to make the showing necessary for relief under 28 U.S.C. §§ 2254(d)-(e) (Dkt. 11 at 4). Having reviewed the record, the parties' arguments, applicable statutes, and controlling case law, the Court agrees.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended the statutes governing federal habeas relief for state prisoners. Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

---

[2] Although the petition was not received by the Clerk's office for filing until April 30, 2004, this circuit considers § 2254 petitions for habeas relief and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Petitioner executed the Petition on April 25, 2004.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. §2254(d). *Price v. Vincent,* 538 U.S. 634, 638-39, 123 S. Ct. 1848, 155 L. Ed. 2d 877 (2003); *Clark v. Crosby,* 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See *Wright v. Sec. of Dep't of Corrs,.* 278 F.3d 1245, 1255 (11th Cir. 2002) ("[T]he statutory language [in §2254(d)(1)] focuses on the result, not the reasoning that led to the result, and nothing in that language requires the state court adjudication that has resulted in a decision to be accompanied by an opinion that explains the state court's rationale). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1); *Henderson v. Campbell,* 353 F.3d 880, 890-91 (11th Cir. 2003).

**Exhaustion and Procedural Default**

Before this Court may grant habeas relief to a state prisoner under 28 U.S.C.§2254, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See§2254(b)(1)(A),(c); *Keinz v. Crosby,* 2006 WL 408686 (11th Cir. 2006); *O'Sullivan v. Boerckel,* U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). "[T]he state prisoner must give the state courts an opportunity to

act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842; *see also Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot present a federal constitutional claim in federal court unless he first properly presented the claim to the state courts) (citations omitted)). A §2254 petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003) (citing U.S.C.§2254(c)). In so doing, a state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt*, 348 F.3d at 1358-59 (citing *O'Sullivan*, 526 U.S. at 845).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Pursuant to this doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Id.* (citing *O'Sullivan*, 526 U.S. at 845-6). Under the first exception, to establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire

5

trial with error of constitutional dimensions. *See United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). In other words, he must show that there is at least a reasonable probability that the outcome of the proceeding would have been different. *See Henderson*, 353 F.3d at 892 (citing *Wright*, 169 F.3d at 703; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002)).

Under the second exception, a federal court may review a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice. *See Henderson*, 353 F.3d at 892 (citing *Murray*, 477 U.S. at 495-96). "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent. Id." This exception relates to a petitioner's "actual" rather than "legal" innocence. *See Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998); *Murray,* 477 U.S. at 495-96)). "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." *Panarites v. Crosby*, 2006 WL 196939 at *5 (M.D. Fla., Jan. 24, 2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). Moreover, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Johnson*, 256 F.3d at 1171 (citing *Calderon*, 523 U.S. at 559 (internal quotation omitted)).

**Standard for Ineffective Assistance of Counsel Claims**

In two of the claims for relief presented in the instant petition, Petitioner asserts that his right to effective assistance of counsel was violated. The Sixth Amendment protects a defendant's right to the effective assistance of counsel during criminal proceedings against him. To prevail on

6

a claim of ineffective assistance of counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, he must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation. *Strickland*, 466 U.S. at 687-88. This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. Id. at 689. Second, even if Petitioner can show that counsel performed incompetently, he must also show that he was prejudiced in such a manner that, but for counsel's errors, there exists a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 688, 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Id.* at 694.

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied,* 531 U.S. 1204, 121 S. Ct. 1217, 149 L. Ed. 2d 129 (2001). "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck v. Fla. Dept. of Corrections*, 290 F.3d 1318, 1322 (11th Cir. 2002) (citing *Chandler*, 218 F.3d at 1315). Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Chandler*, 218 F.3d at 1314 (quoting *Strickland*, 466 U.S. at 689). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently

7

unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir. 1983). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. As counsel's trial strategy is presumptively reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler*, 218 F.3d at 1314-15.

## Evidentiary Hearing

The Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. *See Smith v. Singletary*, 170 F3.d 1051, 1053-54 (11th Cir. 1999). The pertinent facts of the case are fully developed in the record before the Court. *See Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992). Thus, no additional evidentiary proceedings are required. *See High v. Head*, 209 F.3d 1257, 1263 (11th Cir. 2000), *cert. denied*, 532 U.S. 909 (2001) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

## Discussion

**Ground One**

In Ground One, Petitioner asserts that his counsel was ineffective for failing to investigate bank records of the victim which, he claims, were critical to his claim of alibi. Petitioner presented this claim to the state trial court in his 3.850 post-conviction motion (Dkt. 7, Ex. 7, Vol. I. at 14-15). This claim was addressed at the evidentiary hearing on Petitioner's post-conviction motion (Dkt. 7, Ex. 7, Vol.II at 243-319). Following the evidentiary hearing, the state

trial court denied the claim (Dkt. 7, Ex. 7, Vol.II at 172).

Petitioner's claim is not exhausted, and, therefore, is procedurally barred. The record shows that Petitioner did not pursue this claim on appeal of the denial of his Rule 3.850 motion.

In Florida, exhaustion of claims raised in a Rule 3.850 motion includes an appeal from the denial of the motion. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (Florida state remedies are exhausted after appeal to the district court of appeal from denial of a collateral attack upon a conviction). More specifically, when a Rule 3.850 motion has been denied after an evidentiary hearing, the applicable state procedural rule provides a briefing schedule. *See* Fla. R. App. P. 9.141(b)(3)(c). Pursuant to Florida procedural rules, submission of a brief without an argument on a particular issue results in a waiver of that issue in an appeal of an order denying relief after an evidentiary hearing. *See Mejia v. Sec'y, Dep't of Corr.*, 2006 WL 313755 at *6 (M.D. Fla. Oct. 31, 2006); *see also Duest v. Dugger*, 555 So.2d 849 (Fla. 1990)("The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.").

Although Petitioner pursued an appeal of the denial of his Rule 3.850 motion, he raised only two claims; neither of which is the claim presented in Ground One of the instant petition.[3]

---

[3] In his appeal from the denial of his post-conviction motion, Pearson raised the following two issues:

ISSUE I.

THE TRIAL COURT ERRED IN REFUSING TO GRANT A NEW EVIDENTIARY HEARING WITH CONFLICT-FREE COUNSEL

ISSUE II.

Given that Petitioner's post-conviction appeal was from a Rule 3.850 order after an evidentiary hearing, Petitioner was required to file an initial brief upon appeal of the denial of post-conviction relief. *See* Fla. R.App.P. 9.141. His appellate counsel's decision to pursue only two claims on appeal operated to waive and abandon the remaining claims raised in Petitioner's underlying post-conviction motion.

A petitioner's claims or portions of claims that are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Coleman*, 501 U.S. at 735; *Tower*, 7 F.3d at 210. Here, it would be futile to dismiss the case to give Petitioner the opportunity to exhaust these claims because they could have and should have been raised on appeal during the Rule 3.850 proceedings. *See Darity v. McDonough*, 2006 WL 2792891 at *9 (M.D. Fla., Sept. 27, 2006). "An issue that was not properly presented to the state court which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review." *Cobbs v. McDonough*, 2006 WL 2092381 at *8 (M.D. Fla., July 26, 2006 (citing *O'Sullivan*, 526 U.S. at 839-40, 848). Thus, this Court cannot consider Petitioner's claim unless he can make a showing that the cause and prejudice or the fundamental miscarriage of justice exception is applicable. *See Jones*, 256 F.3d at 1138; *O'Sullivan*, 526 U.S. at 845-6.

Petitioner has not demonstrated cause or prejudice that would excuse his default. Moreover, he has not shown that the actual innocence exception applies. Absent such a showing,

---

THE TRIAL COURT ERRED IN FINDING THAT RELIEF WAS NOT WARRANTED BASED UPON TRIAL COUNSEL'S FAILURE TO REQUEST JURY INSTRUCTIONS ON TWO LESSER INCLUDED OFFENSES
(Dkt. 7, Ex. 14) (emphasis in original).

a federal habeas court should not discuss the merits of a claim that has been procedurally defaulted in state court. *See Surrency v. Hadi*, 2006 WL 3469534 at *6 (M.D. Fla., Nov. 30, 2006)(citing *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995)). Accordingly, Ground One of the instant petition is procedurally barred and relief will be denied. *See Amoroso v. McDonough*, 2006 WL 2507618 at *3 (M.D. Fla., Aug. 29, 2006); *Kelly*, 377 F.3d at 1344.

**Ground Two**

In Ground Two, Petitioner argues that the trial court erred when, following the evidentiary hearing on his 3.850 motion, it denied his motion for a new hearing because the Assistant Public Defender who represented him at the evidentiary hearing had a conflict of interest in representing him. Petitioner asserts that the conflict arose because the allegations of ineffective assistance of counsel were made against trial counsel, who was a former employee of the same public defender's office and who had been employed by that office at the time he represented Petitioner. He argues, therefore, that the Assistant Public Defender who represented him at the evidentiary hearing had divided loyalties, i.e., to Petitioner and to his office, and counsel chose to be loyal to his office. Petitioner maintains that as a result of the conflict, he was denied his Sixth Amendment right to effective assistance of counsel and his right to due process.

There is no constitutional right to counsel in postconviction proceedings, and thus any alleged incompetence of postconviction counsel is not a ground for relief in federal habeas proceedings. 28 U.S.C.§2254 (I) states as follows: "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief arising under section 2254." *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct.

11

1990, 95 L. Ed. 2d 539 (1987); *Murray v. Giarratano*, 492 U.S. 1, 10, 109 S. Ct. 2765, 2770, 106 L. Ed. 2d 1 (1989). Likewise, in *Finley*, the Supreme Court refused to extend a due process requirement for effective collateral counsel to situations where a state has opted to afford collateral counsel to indigent inmates. *Id.*, 481 U.S. at 554-559. Therefore, Petitioner fails to state a cognizable claim for relief.

**Ground Three**

Petitioner claims that trial counsel was ineffective in failing to request that the trial court give jury instructions on two lesser included offenses, burglary of a structure with a human being inside and burglary. Petitioner asserts that as a result he was prejudiced because if the instructions had been given, the jury could have chosen to convict him of the lesser included offenses.

Petitioner presented this claim to the state trial court in his Rule 3.850 motion. (Dkt. 7, Ex. 7, Vol.I at 24). The claim was addressed at the May 16, 2002 evidentiary hearing on that motion. In its final written order denying relief, the state trial court held as follows with respect to this claim:

> In issue X, Defendant alleged ineffective assistance of counsel for failing to request the lesser-included offenses in the jury instructions. Defendant claimed that counsel should have had Burglary of a Structure and Burglary included as part of the lesser-included offenses.
>
> Mr. Kubiak testified that the lessers which he requested in the instant case where consistent with the misidentification defense that was being pursued. (See evidentiary hearing transcript, dated May 16, 2002, p. 37, L: 23-25, p. 38, L: 1-14, attached). Mr. Kubiak testified that the fact that he did not ask for an instruction

12

> on burglary of a structure, which was in reality only arguing about the legality of whether the structure was a dwelling or not, would not have changed the outcome of the case based upon the jury verdict and the evidence presented at trial. (See evidentiary hearing transcript, dated May 15, 2002, p. 38, L: 19-25, attached). "Judicial scrutiny of counsel's performance must be highly deferential...a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065 [citations omitted]. Since decisions concerning trial strategy or tactics ultimately rests with counsel, "tactical or strategical decisions of counsel do not justify post conviction on the grounds of ineffective assistance of counsel." Mazard v. State, 649 So. 2d 255 (Fla. 3d DCA 1995); see also Medina v. State, 673 So. 2d 298 (Fla. 1990)(holding that counsel cannot be ineffective for strategic decisions made during a trial). As such, no relief is warranted as to this issue.

(Dkt. 7, Ex. 7, Vol.II at 174-175). To establish that he is entitled to relief on this claim, Petitioner must show that the state trial court incorrectly applied the *Strickland* standard in reaching its determination that this claim lacks merit. He has not made this showing.

In the instant petition, Petitioner has not presented anything new to support his claim. He has not presented any factual evidence to demonstrate that in the absence of counsel's alleged error, the state trial court would have given the instructions he now proposes and the outcome of his trial would have been different. At the evidentiary hearing on the Rule 3.850 motion, trial counsel articulated to the state trial court that the trial strategy was to concede that the victims' home was burglarized, but the victims misidentified Petitioner as the offender. Trial counsel did ask for jury instructions on the lesser included offenses of unarmed burglary of a dwelling, trespass with a weapon, and trespass. (Dkt. 7, Ex. 7, Vol.II at 280). Petitioner does not dispute, and the record shows that the burglary occurred in the victims' dwelling while the victims were

13

in the dwelling.[4] Therefore, Petitioner has not demonstrated that counsel's decision not to pursue jury instructions on the lesser-included offenses of burglary of a structure with a human being inside and burglary was anything other than trial strategy. Disagreements by a defendant with tactics and/or strategies will not support a claim of ineffective assistance of counsel; and, a petitioner in habeas corpus must overcome a presumption that the challenged conduct of one's counsel was a matter of strategy. *See Norman v. Bradshaw*, 2006 WL 3253121 at *10 (N.D. Ohio, Nov. 8, 2006) (citing *Strickland*, 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56,59 (6th Cir. 1990)). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). "Judicial scrutiny of counsel's performance must be highly deferential ... a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. In deciding an ineffective assistance claim, a court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland*, 466 U.S. at 690.

Even if many reasonable lawyers would not have done as defense counsel did at trial, no

---

[4]Section 810.011, Florida Statutes (1997) states in pertinent part that "'[d]welling' means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof."

14

relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. *See Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Petitioner has failed to establish that the state trial court's denial of this claim of ineffective assistance of trial counsel was contrary to or an unreasonable application of the *Strickland* standard or resulted in a decision that is based on an unreasonable determination of the facts. *See* 28 U.S.C. §2254(d). Thus, relief on this ground will be denied.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida, on August 15th, 2007.

_____
JAMES D. WHITTEMORE
United States District Judge

Copy to: All Parties of Record

SA:sfc