UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN DAVIS
a/k/a GREGORY MILLER,

    Petitioner,

-vs-                                                Case No. 8:04-cv-0989-T-27TGW

JAMES R. MCDONOUGH, et al,

    Respondents.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 24) of the August 16, 2007 decision (Dkt. 22) denying his petition for relief under 28 U.S.C. § 2254, his Application for Certificate of Appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 25), and his motion for permission to appeal *in forma pauperis* (Dkt. 26).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

a certificate of appealability where a district court has rejected a Petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). To obtain a certificate of appealability when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Petitioner seeks a COA as to the issues of: 1) whether the Attorney General was required to serve, and whether the Court was obligated to furnish him with, copies of the exhibits the Attorney General filed with the Court in support of the response; 2) whether the Court erred when it denied his request for discovery of the victim's bank records; 3) whether the Court erred when it failed to conduct an evidentiary hearing where the facts regarding his claims of ineffective assistance of trial counsel were never fully developed in the state post-conviction evidentiary hearing as a result of post-conviction counsel's alleged conflict of interest; 4) whether, in light of the Supreme Court's decision in *House v. Bell*, 126 S.Ct. 2064 (2006), the Court erred when it denied Petitioner's motion for reconsideration of the Court's order denying his request to conduct discovery to obtain the victim's bank records; and 5) whether the Court erred when it did not review or address Petitioner's claim that there was insufficient evidence supporting the conviction.

**Issue One**

Relying on the decision in *Thompson v. Greene*, 427 F.3d 263 (4th Cir. 2005), and cases cited therein, Petitioner asserts that he was entitled to a copy of Respondent's exhibits filed with

Respondent's response to Petitioner's petition for writ of habeas corpus. Petitioner's reliance on the Fourth Circuit's opinion in *Thompson* in support of his argument is unpersuasive. As the *Thompson* court noted, Rule 5, Rules Governing Section 2254 Cases, does not explicitly require service of the exhibits. *Thompson*, supra, at 268-69. *See also Pindale v. Nunn*, 248 F. Supp. 2d 361, 364 (D. N.J. 2003) (same).

Rule 11, Rules Governing Section 2254 Cases (2007), permissive rather than mandatory, provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Habeas Rules], *may be applied* to a proceeding under these rules" (emphasis added). Likewise, Rule 81(a)(2), Fed. R. Civ. P., provides, in pertinent part, that the Federal Rules of Civil Procedure "are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, *to the extent that the practice in such proceedings is not set forth in statutes of the United States,* the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings." Fed. R. Civ. P. 81(a)(2) (emphasis added). Congress has addressed circumstances under which the clerk may provide copies of documents from the record to a petitioner without cost in a federal habeas proceeding:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis,* the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. §2250 (2006). In the instant case, Petitioner has not sought or been granted leave to proceed *in forma pauperis* in this Court.[3]

---

[3]The Court ordered Petitioner to either pay the filing fee or file an affidavit of indigency (Dkt. 3). Petitioner paid the filing fee and did not complete and submit the affidavit of indigency form the Court provided to him.

As discussed, the documents Petitioner sought are state court records Respondent was required to file with the Court under Rule 5(d), Rules Governing Section 2254 Cases. These records consisted of notices of appeals, appellate briefs, the records on appeal, appellate court opinions, etc., copies of which should have been in the possession of or readily available to Petitioner or his state trial, appellate, and post-conviction counsel.[4]

Petitioner has not shown that reasonable jurists would find the Court's ruling on this issue debatable or wrong.

**Issue Two**

Petitioner asserts that the Court erred when it denied his request for discovery of the victim's bank records. (Dkt. 10). Petitioner sought production of the victim's bank records for the period of February 17-20, 1998, and he claimed the records may establish that the victim actually went to the bank on February 18, 1998, instead of February 19, 1998, and that fact would undermine the credibility of the victim who testified that he went to the bank on February 19, 1998, shortly before the burglary of his home. Petitioner sought the bank records to support his claim that his trial counsel was ineffective in failing to investigate the victim's bank records.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997); *Isaacs v. Head,* 300 F.3d 1232, 1248-49 (11th Cir. 2002). Rule 6(a) of the Rules Governing §2254 Cases states "[a] party shall be entitled to invoke processes of discovery available under Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good

---

[4]Petitioner never asserted that he did not possess or was unable to obtain from his counsel copies of any or all the documents.

cause shown grants leave to do so, but not otherwise." Petitioner acknowledges that his claim that counsel was ineffective by failing to investigate the bank records was procedurally barred because he failed to raise the issue during the appeal of the denial of his state post-conviction motion following an evidentiary hearing (Dkt. 25 at 5).[5] Therefore, because this ineffective assistance of counsel claim was procedurally barred, Petitioner does not demonstrate good cause to obtain the bank records.

Moreover, during the evidentiary hearing held on Petitioner's Rule 3.850 motion, trial counsel testified that his review of the victim's bank statement for the relevant time period revealed a transaction in his account on February 19, 1998, which was consistent with the victim's version of events that took place that day (Dkt. 11 at 8). Furthermore, according to Petitioner, his post-conviction counsel told him that he had obtained copies of the victim's checks, but the information stamped on the backs thereof was "unreadable" (Dkt. 10 at 10). Petitioner failed to provide a sufficient basis for the Court to conclude that "readable copies of the checks" exist, or that information stamped on the back of the checks would contradict information on the victim's bank statement. "[G]ood cause for discovery [in a federal habeas action] cannot arise from mere speculation." *Arthur v. Allen*, 459 F.3d 1310 (11th Cir. 2006).

Petitioner has not shown that reasonable jurists would find the Court's denial of Petitioner's request for discovery debatable or wrong.

---

[5]Although Petitioner claims that counsel who represented him at the post-conviction evidentiary hearing had a conflict of interest, he does not assert that his post-conviction appellate counsel had a conflict of interest, or that her representation was cause for the procedural default. In any event, ineffective representation in post-conviction proceedings does not constitute cause for procedural default. *See Golston v. Attorney Gen. of Alabama*, 947 F.2d 908, 911 (11th Cir. 1991).

**Issue Three**

Petitioner claims that because his post-conviction counsel had a conflict of interest, he was deprived of the opportunity to fairly and adequately develop his ineffective assistance of trial counsel claims during the state post-conviction proceedings. Therefore, Petitioner asserts, the Court should have held an evidentiary hearing to develop the facts underlying his claims of ineffective assistance of trial counsel.

In his federal habeas petition, Petitioner raised only two of the ineffective assistance of counsel claims he raised in his state 3.850 post-conviction motion: 1) trial counsel was ineffective for failing to investigate the victim's bank records; and 2) trial counsel was ineffective for failing to request jury instructions on two lesser included offenses. The first claim was procedurally barred.

"A state habeas petitioner is not entitled to an evidentiary hearing in federal court on the merits of a procedurally defaulted claim unless he can first overcome the procedural bar. This requires showing either cause for failing to develop in state court proceedings the facts supporting his claim, and prejudice resulting from that failure,...or a 'fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing.'" *Hill v. Jones*, 81 F.3d 1015, 1023 (11th Cir. 1996)(internal citations omitted). Petitioner argues that his post-conviction counsel's ineffectiveness, due to his conflict of interest, was the cause for failing to develop the facts of his ineffective assistance of counsel claims. However, ineffective assistance of collateral counsel cannot serve as cause excusing a procedural default. *Id.*, at 1025.

Even assuming, *arguendo*, that Petitioner's post-conviction counsel's alleged

6

ineffectiveness is cause excusing the procedural default, he still fails to demonstrate actual prejudice. During the evidentiary hearing on Petitioner's post-conviction motion, Petitioner's trial attorney testified that the evidence at trial revealed that the victims testified that shortly before the burglary Petitioner approached the victims outside of their house, and he attempted to sell them a watch; when the victims returned from the bank to their house they came face-to-face with Petitioner who was inside their house; and the victims were able to accurately describe Petitioner's features (Dkt. 7, Ex. 7, Vol. II at 273-274). Petitioner's trial counsel also testified that the bank records he obtained revealed a bank transaction on February 19, which was consistent with the victims' testimony that the burglary occurred on that date (Id. at 275), and he did not pursue the issue of the dates on the checks themselves "because eventually [Petitioner] agreed or consented basically it's a loser." (Id. at 285). Finally, Petitioner attests that his post-conviction counsel informed him that he obtained copies of the checks, but they were illegible (Dkt. 10 at 10). In light of the evidence against Petitioner and the statements of Petitioner's attorneys regarding the bank records and checks, the Court does not find any actual prejudice stemming from Petitioner's not having the checks or from post-conviction counsel's representation.

Petitioner fails to show that reasonable jurists would find the Court's decision not to hold an evidentiary hearing debatable or wrong.

**Issue Four**

Petitioner claims that in light of the Supreme Court's decision in *House v. Bell*, 126 S.Ct. 2064 (2006), the Court erred when it denied his request for discovery of the victim's checks. He argues that the checks may have shown that the victim did not go to the bank on the

date of the crime, and this would have raised reasonable doubt in the minds of the jurors. Again, the claim that counsel was ineffective for failing to obtain the checks was procedurally barred, and Petitioner failed to establish that legible copies of the checks existed or that there was information on the checks that would contradict the victim's bank records which showed a bank transaction on the date of the crime. Moreover, in *House* the Supreme Court did not alter the gateway standard for establishing actual innocence set in *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Neither did *House* lessen the restrictions on discovery imposed by 28 U.S.C. §2254(e)(2).

Again, reasonable jurists would not find the Court's decision denying Petitioner's request for discovery of the victim's checks debatable or wrong.

**Issue Five**

Petitioner argues that the Court erred by failing to make findings regarding the sufficiency of the evidence. However, Petitioner did not raise a "sufficiency of the evidence" claim in his petition. He asserts that he raised the claim when he stated in his petition that there were no fingerprints found at the scene of the crime, and the victims gave conflicting statements regarding the description of the offender.

Petitioner made his comments regarding the lack of fingerprints and the victims' allegedly conflicting statements in Ground One of his petition which was his claim that counsel was ineffective for failing to obtain the victim's bank records (Dkt. 1 at 4-7). He did not set forth a claim, or argument in support thereof, that the conviction was not supported by sufficient evidence. A petition for writ of habeas corpus must "specify all the grounds for relief which are available to the petitioner." Rule 2(c), Rules Governing Section 2254 Cases (2004); *see also*

*McFarland v. Scott*, 512 U.S. 849, 856 (1994)("[h]abeas corpus petitions must meet heightened pleading requirements[.]"); *Mayle v. Felix*, 545 U.S. 644, 655 (2005)(Habeas Corpus Rule 2(c) is more demanding than Fed. R. Civ. P. 8(a) which provides that a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests"). Petitioner's petition did not specify a "sufficiency of the evidence" claim, and did not even give "fair notice" of the claim.

## Conclusion

Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Application for Certificate of Appealability (Dkt. 25) is **DENIED**.

2. Petitioner's motion for permission to appeal *in forma pauperis* (Dkt. 26)is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 5th, 2007.

_____
JAMES D. WHITTEMORE
United States District Judge

SA: sfc

Copy furnished to:
Petitioner/Counsel of Record